IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:22-cr-00281-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| OMAR PEREZ MEDINA, | |
| Defendant. | |

HERNÁNDEZ, Senior District Judge:

     Defendant Omar Perez Medina moves for the Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guidelines Amendment 821. Def. Mot. Sent. Reduction 1, ECF 211. The Government opposes Defendant's motion. Gov't Resp., ECF 212. For the reasons that follow, the Court denies Defendant's motion.

///

1 –ORDER

## BACKGROUND

On October 18, 2023, Defendant pleaded guilty to Conspiracy to Possess with Intent to Distribute Controlled Substance in violation of 21 U.S.C. § 846. Plea Agreement., ECF 134. Defendant's Guidelines range was 235 to 293 months with a total offense level of 37 and a Criminal History Category of II. Statement of Reasons, ECF 183. Defendant received three criminal history points for a 2012 conviction and no status points. Presentence Investigation Report ("PSR") ¶¶ 41-42. On January 24, 2024, the Court imposed a below-Guidelines 168-month term of imprisonment. J., ECF 182.

## STANDARDS

Under 18 U.S.C. § 3582(c)(2),

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

This exception to the general rule that a court may not modify a term of imprisonment once it has been imposed "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon v. United States*, 560 U.S. 817, 828 (2010). The exception, however, is limited; it "does not authorize a resentencing." *Id.* at 831. Rather, "it permits a sentence reduction within the narrow bounds established by the Commission." *Id.*

In deciding whether to reduce a sentence based on a retroactive amendment to the U.S. Sentencing Guidelines under 18 U.S.C. § 3582(c)(2), a court must first consider the scope of the

2 –ORDER

reduction authorized by the amendment, and then consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Id*. at 826.

## DISCUSSION

Defendant seeks a reduction of his sentence pursuant to Amendment 821 to the U.S. Sentencing Guidelines. Part A of Amendment 821 decreases the number of "status points" received under U.S.S.G. § 4A1.1 by defendants who commit their offense while under a criminal justice sentence. U.S.S.G. § 4A1.1. Part B created a new provision that provides a two-offense-level reduction for certain offenders who present zero criminal history points and are not otherwise disqualified from the reduction. U.S.S.G. § 4C1.1(a). Amendment 821 went into effect November 1, 2023, and applies retroactively so long as the effective date of any order reducing an offender's sentence was February 1, 2024, or later. U.S.S.G. § 1B1.10(d), (e)(2).

A reduction in Defendant's sentence is not appropriate in this case. Defendant was sentenced on January 24, 2024, well after Amendment 821 went into effect. J. (signed January 31, 2024); PSR ¶ 24 ("The 2023 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level."). In addition, Defendant did not receive any points for committing an offense while under any criminal justice sentence, and Defendant is not a "zero-point offender" because he received three criminal history points for a 2012 conviction. PSR ¶¶ 41-42. Thus, Defendant is not entitled to relief under U.S.S.G § 1B1.10(d).

///

///

///

///

///

3 –ORDER

## CONCLUSION

The Court DENIES Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [211].

IT IS SO ORDERED.

DATED:     March 28, 2025     .

_____
MARCO A. HERNÁNDEZ
United States District Judge

4 –ORDER